# Case No. 24-1416

In the

## United States Court of Appeals
### For the
## Fourth Circuit

---

**JENNIFER FINN and KATHERINE MULDOON,**

*Appellants-Plaintiffs,*

vs.

**THE HUMANE SOCIETY OF THE UNITED STATES**

*Appellee-Defendant.*

---

On Appeal from the United States District Court for the District of Maryland
Civil Action No. 1:23-cv-02107-GLR
(The Honorable George L. Russell, III, presiding)

---

### APPELLANTS' SUPPLEMENTAL BRIEF

---

Francis J. Collins, Esq.
F.J. Collins Law, LLC
3015 Wooded Knoll Ct. Ste 200
Ellicott City MD 21042
Fed Bar # 04272
AIS # 8501010118
fjcollins@kscadvocates.com
240-799-1212 or 443-604-8175
Attorney for Appellants

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

I.    ARGUMENT ..................................................................................................1

II.   CONCLUSION ...............................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Anoruo v. Medstar Health, Inc.*, 2025 WL 1635052 (D. Md. June 9, 2025).............7

*Ashcroft v. Southern California Permanente Medical Group,* 2025 WL 1159883 (S.D. Cal. April 21 (2025) ................................................................................8

*Barnett v. Inova Health Care Servs.,* 125 F.4th 465 (4th Cir. 2025).................. passim

*Bube v. Aspirius,* 108 F.4th 1017 (7th Cir. 2024).......................................................7

*Chinnery v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.,* 2025 WL 1733959 (4th Cir. Apr. 2, 2025)..........................................................4

*Cox v. Valle Health System* 2025 WL 711981 (W.D. Va. March 5, 205)...................8

*Davis v. Reliance Test & Technology, LLC*, 2025 WL 266664 (D. Md. Jan. 22, 225) ................................................................................................................8

*EEOC v. Abercrombie & Fitch Stores, Inc.,* 575 U.S. 768 (2015).............................2

*Foshee v. AstraZeneca Pharms. LP,* 2023 WL 6845425 (D. Md. 2023) ...................3

*Harrah v. Lutheran Family Services of Virginia, Inc.* 2025 WL 957523 (W.D. Va., March 31, 2025)..............................................................................................8

*Huber v. TIAA,* 2025 WL 1139131 (E.D. Va., April 17, 2025) .................................7

*Leonhartt v. Medstar Health, LLC* 2025 WL 744077 (D.Md. Mar. 7, 2025)............8

*Lucky v. Landmark Medical of Michigan, P.C.,* 103 F.4th 1241 (6th Cir. 2024) .........7

*Passarella v. Aspirus, Inc.* 108 F.4th 1005 (7th Cir. 2024) .....................................1, 6

*Ringohofer v. Mayo Clinic, Ambulance*, 102 F.4th 894 (8th Cir. 2024) ......................6

*Sturgill v. Am. Red Cross,* 114 F.4th 803 (6th Cir. 2024) ............................................6

*Tansill v. AstraZeneca Pharmaceuticals, LP,* 2025 WL 836570 (E.D. NC, March 17, 2025) ...............................................................................................................7

*Thomas v. Review Bd. of Indiana Employment Sec. Div.,* 450 U.S. 707 (1981)........3

*United States v. Seeger,* 380 U.S. 163 (1965) ...........................................................3

*Welsh v. United States*, 398 U.S. 333 (1970) ............................................................3

*Wright v. Honeywell International, Inc.*, -- F.4th – (5th Cir., Aug. 5, 2025)................7

<strong>APPELLANTS' SUPPLEMENTAL BRIEF</strong>

**I.  *BARNETT V. INOVA* REQUIRES THAT THE COURT REVERSE AND REMAND THIS CASE TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS.**

The Fourth Circuit's decision in *Barnett v. Inova Health Care Servs.,* 125 F.4th 465 (4th Cir. 2025) squarely rejects the narrow view of "religion" advanced by Appellee and adopted by the district court. As required by long-standing Supreme Court precedent, religion is capaciously defined and an individual's expression of religious opposition to a workplace rule may not be narrowly construed by the employer.

In *Barnett*, the court reversed dismissal of a nurse's Title VII religious discrimination claims arising from her refusal to receive the COVID-19 vaccine. The plaintiff in *Barnett* explained that, based on prayer, Biblical study, and direct guidance from God, it would be sinful for her to receive the vaccine. The Fourth Circuit held these allegations sufficient to plausibly plead a "sincerely held religious belief."

When an employee seeks accommodation for a religious practice the employee is not expected to file a formal legal pleading or brief. In *Passarella v. Aspirus, Inc.* 108 F.4th 1005 (7th Cir. 2024) the Court specifically cautioned that an exemption request need not look like a pleading drafted by an attorney. *Id.* at 1011. It is sufficient for the employer to know that the employee does not want to comply because of a religious reason, even if the employer does not understand that reason,

1

thinks the employee is overly scrupulous, or is misinterpreting her own religion's leaders. Thus, religion must be capaciously defined, and employers may not insist on comprehensive or cohesive exemption forms. What is important is that the employer is put on notice that the employee's religious beliefs are implicated and that the employee is sincere in asserting those beliefs. Once that threshold is met, the employer may consider whether reasonable accommodation would create an undue burden.

Here, Appellants Finn and Muldoon alleged religious objections materially similar to—and in some respects more specific than—those upheld in *Barnett*. Finn expressly cited Catholic teachings and her faith in God the Father and Jesus Christ, stating the mandate would force her to "betray [her] conscience and faith." JA37. Muldoon grounded her objection in her Christian upbringing and opposition to abortion, citing the use of aborted fetal cell lines in vaccine development and testing as contrary to her religious beliefs, and explaining that taking the vaccine would make her complicit in acts offensive to her faith. JA 40-41.

Appellants' allegations fall squarely within the Supreme Court's repeated instruction that Title VII's protection is intentionally broad. In *EEOC v. Abercrombie & Fitch Stores, Inc.,* 575 U.S. 768, 775 (2015) the Court reaffirmed that Title VII "gives favored treatment" to religious practices and protects "all aspects of religious observance and practice, as well as belief," 42 U.S.C. § 2000e(j), without permitting employers to demand doctrinal purity or conformity to majority norms. As the Court

2

explained in *Abercrombie* and earlier decisions such as *Thomas v. Review Bd. of Indiana Employment Sec. Div.,* 450 U.S. 707, 714–15 (1981), the question is not whether the belief appears logical, consistent, or widely accepted, but whether it is sincerely held and religious in the individual's own "scheme of things." *See also, United States v. Seeger,* 380 U.S. 163, 184–85 (1965) (defining religion by reference to the individual's "own scheme of things" and holding that beliefs need not be theistic, orthodox, or logical to merit protection); *Welsh v. United States*, 398 U.S. 333, 342–43 (1970) (same, and recognizing that even beliefs a claimant labels nonreligious may qualify if they occupy a place in the person's life parallel to that filled by traditional faith).

Appellee's reliance on *Foshee v. AstraZeneca Pharms. LP,* 2023 WL 6845425 (D. Md. 2023), and similar district court cases is misplaced. Those cases applied an unduly restrictive view of Title VII's definition of "religion," examining exemption requests to isolate any arguably secular components and then dismissing the claim for lack of religiosity. *Barnett* rejects that approach, holding that the proper inquiry is whether the employee's objection is at least in part religious—not whether it is exclusively so. The Fourth Circuit made clear that the claim of an adherent that a belief is religious "must be given great weight." *Barnett* at 470. Courts must avoid theological gatekeeping and cannot elevate some beliefs as sufficiently religious while dismissing others as too personal or unconventional to merit protection. Here, as in *Barnett*, Appellants' exemption requests clearly articulated religious

3

motivations intertwined with their personal conscience, which Title VII protects.

Because Appellants have plausibly alleged that their refusal to take the COVID-19 vaccine was motivated by sincerely held religious beliefs, and because controlling Supreme Court and Fourth Circuit precedent prohibit the type of belief-ranking engaged in by Appellee and the district court, dismissal at the pleading stage was improper.

In *Barnett*, the Fourth Circuit made clear that if an employee's objection is even partly religious, it satisfies Title VII; the Supreme Court in *Abercrombie* confirms that all aspects of religious practice are protected; and *Seeger* and *Welsh* teach that religion is defined by the individual's own 'scheme of things,' not by logic, orthodoxy, or popularity—precisely what Finn and Muldoon have pled here.

Appellee may argue that, as in *Chinnery v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.,* 2025 WL 1733959 (4th Cir. Apr. 2, 2025), the appropriate course is to vacate and remand so that the district court can apply this Court's intervening decision in *Barnett* in the first instance. This Court explained that it was remanding for a reassessment "[i]n part because the district court did not have the benefit of this court's decision in *Barnett*." (Emphasis added.) It is not clear from this Court's opinion what it meant by "in part." But what is clear is that the District Court applied an incorrect standard when assessing the validity of the Plaintiff's request for an exemption. The plaintiff was proceeding *pro se* and the Fourth Circuit was issuing a *per curiam,* unpublished and non-precedential, opinion.

4

It was, perhaps, for these additional reasons that the appellate court thought it best to remand for consideration of the record in light of *Barnett.*

With all due respect for Ms. Chinnery, her allegations regarding religious opposition were somewhat less clear than those of Finn and Muldoon. While Chinnery pointed to her body being a temple of God, Finn and Muldoon more clearly articulated the religiosity of their views pointing, *inter alia,* to their faith in Christ and opposition to abortion.

Here, once the *Barnett* standard is applied, those allegations readily state a claim. Remanding for the district court to "apply [*Barnett*] in the first instance" would serve no purpose and do no more than cause delay. The District Court will have more than sufficient time to revisit the elements of Appellants' claims if Appellee files a motion for summary judgment.

Notably, the instant case stands in the same procedural posture as *Barnett*. In *Barnett* this Court did not remand for reconsideration under its clarified standard; it reversed outright and remanded "for further proceedings" because the complaint, when viewed through the correct legal lens, was sufficient. The same result should follow here. Appellants' allegations—explicit Catholic teaching, faith in God the Father and Jesus Christ, Christian opposition to abortion, and moral complicity in sin—are at least as robust as the beliefs found adequate in *Barnett*. Accordingly, the proper disposition is for this Court to reverse the district court's dismissal and remand for trial. Title VII cases are designed to reach a fact-intensive reasonable

5

accommodation inquiry, not to be terminated at the pleadings stage by judicial parsing of religious content. The Fourth Circuit's recent pronouncement in *Barnett* removes any legal obstacle to Appellants' claims moving forward.

In *Barnett* this Court relied on the Eighth Circuit decision in *Ringohofer v. Mayo Clinic, Ambulance*, 102 F.4th 894 (8th Cir. 2024). In that case, the Court also remanded for proceedings consistent with the Court's opinion and did not suggest that the District Court consider the pleadings in light of its decision. The Court in *Barnett* also relied on *Sturgill v. Am. Red Cross,* 114 F.4th 803 (6th Cir. 2024) and *Passarella v. Aspirus, Inc.* 108 F.4th 105 (7th Cir. 2024). In both of these cases the appellate courts were ruling in the context of a motion to dismiss. The appellate courts reversed and remanded without suggesting that the District Court reconsider its ruling in light of the appellate court decision.

A remand for reconsideration by the District Court is generally done when the Court announces a new test, the record is not adequate for resolution, or the lower court must exercise discretionary authority under a newly announced standard. Here, the Court did not announce a new test. It applied long-standing precedent to pleadings. It did not have to examine a lengthy record of depositions and written discovery. Although COVID-19 is a new disease, religious exemptions and accommodations are not new concepts. The pleadings are adequate for this Court to make the legal determination that Appellants alleged facts sufficient to overcome a motion to dismiss.

6

In the following similar appellate cases, the courts reversed and remanded without asking the lower court to reconsider its ruling in light of subsequent law: *Lucky v. Landmark Medical of Michigan, P.C.,* 103 F.4th 1241 (6th Cir. 2024) (predates *Barnett* but reversing and remanding under facts similar to the instant case); *Bube v. Aspirius,* 108 F.4th 1017 (7th Cir. 2024) (predates *Barnett* but reverses and remands under facts similar to the instant case); *Wright v. Honeywell International, Inc.*, -- F.4th – (5th Cir., Aug. 5, 2025) (reverses and remands because summary judgment in favor of employer was erroneous); *Thornton v. Ipsen Biopharmaceuticals, Inc.,* 142 F.4th 76 (1st Cir. 2025)(court follows *Barnett* and allows claim to proceed in light of references to prayer, the Holy Spirit, reversing district court without suggesting that it consider *Barnett* in the first place).

In the following *nisi prius* decisions, the Court had no trouble applying the teachings of *Barnett*: *Huber v. TIAA,* 2025 WL 1139131 (E.D. Va., April 17, 2025) (court applies *Barnett* and finds sufficient allegations to survive a 12(b)(6) motion for the Title VII religious discrimination claim because the plaintiff made reference to her "God-given natural immunity"); *Anoruo v. Medstar Health, Inc.*, 2025 WL 1635052 (D. Md. June 9, 2025) (court applies *Barnett* and finds sufficient allegations to survive a motion to dismiss because the plaintiff alleged that she viewed the vaccines as defiling her body which is a temple of the Holy Spirit); *Tansill v. AstraZeneca Pharmaceuticals, LP,* 2025 WL 836570 (E.D. NC, March 17, 2025) (denying motion to dismiss where plaintiff alleged he was refusing the vaccines

7

based on prayer and scripture and his personal relationship with God); *Cox v. Valle Health System* 2025 WL 711981 (W.D. Va. March 5, 205) (revisiting the court's earlier decision in light of *Barnett* and finding the plaintiff's allegations sufficient in light of the "change in applicable law"); *Leonhartt v. Medstar Health, LLC* 2025 WL 744077 (D.Md. Mar. 7, 2025) (granting summary judgment in favor of the plaintiff for failure to accommodate in light of *Barnett's* teachings); *Davis v. Reliance Test & Technology, LLC*, 2025 WL 266664 (D. Md. Jan. 22, 225) (ruling that the plaintiff showed sufficient evidence of religiosity based on *Barnett* but granting summary judgment in favor of employer based on undue burden); *Harrah v. Lutheran Family Services of Virginia, Inc.* 2025 WL 957523 (W.D. Va., March 31, 2025) (amended complaint deemed to state a claim in light of *Barnett*); *Ashcroft v. Southern California Permanente Medical Group,* 2025 WL 1159883 (S.D. Cal. April 21 (2025) (following the "growing agreement" among the circuits as shown in *Barnett*).

## II.  CONCLUSION

Appellants request that this Court reverse and remand for further proceedings.

Respectfully submitted,
**F.J. COLLINS LAW, LLC**

By: _____/s/_____
Francis J. Collins, Esq.
AIS ID No. 8501010118, Fed Ct. # 04272
fj@fjcollinslaw.com
3015 Wooded Knoll Ct. Ste 200
Ellicott City MD 21042
240-799-1212 or 443-604-8175
Attorney for Appellants

# Certificate of Compliance

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

No. 24-1418    Caption: Finn et al. v. Humane Society of the United States

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

- [✔] this brief or other document contains __2,376__ [state number of] words
- [ ] this brief uses monospaced type and contains _____ [state number of] lines

This brief or other document complies with the typeface and type style requirements because:

- [✔] this brief or other document has been prepared in a proportionally spaced typeface using Word _____ [identify word processing program] in _____ [identify font size and type style]; **or**
- [ ] this brief or other document has been prepared in a monospaced typeface using _____ [identify word processing program] in _____ [identify font size and type style].

(s) Francis J. Collins

Party Name Appellants

Dated: 8/18/2025